A judgment was obtained before a justice of the peace. The defendant, it appeared from the petition, wished to avail himself of the plea of plene administravit before the magistrate, but he proceeded to give judgment. He applied to two justices of the peace for a certiorari to the County Court, under the Act of Assembly, but they declined granting him one, thinking it an improper case for the allowance of such writ. Upon this refusal he applied to a judge of this court, who granted one returnable to this term.
The English authorities show that the Superior Court, or Court of King's Bench, exercises controlling superintendence over all inferior jurisdictions.[1]
A certiorari is one of the writs adapted to this purpose.
Upon the principles of the common law, the power cannot be taken away by inference. A statute, to have this effect, should have a negative meaning as to the jurisdiction of this court.
This principle was recognized in the case of Murfree v.
Leeper, determined in the district of Mero, some years ago, on a caveat. The English courts *Page 63 
seem to have considered the writ of certiorari, when applied for by a defendant, as entirely a matter of discretion, and not to be granted but upon the strongest reasons. It was considered a matter of course not to grant one after a trial below.[2]
Our Constitution seems to have designed that it should be a writ of common remedy as well before as after trial, upon sufficient cause being shown by affidavit.
But the Constitution does not say nor convey an idea, that this court shall not exercise the power of granting a, certiorari,
to remove the proceedings had before a magistrate in any possible case.
I have no hesitation in saying that, as the Constitution and act have prescribed an ordinary mode of proceeding in this case, that this court ought not to grant this writ to remove the proceedings had before a justice of the peace without the strongest and most invincible reasons. There are two which I should consider as indispensable.
1st. That the party praying the writ should account in a satisfactory manner for his not appealing to the County Court; and
2d. In like manner, account for not having pursued the course prescribed by the act in relation to obtaining the certiorari
from two justices. And that too in both cases, so as to demonstrate that there was no laches or fault on his part. When this is done, this court cannot refuse their aid to effectuate the purposes of justice, by directing a full and complete investigation.
The defendant has accounted to the satisfaction of my mind why he did not pursue the ordinary remedy by appeal, and how he was defeated of the more discretionary one by certiorari to the County Court.
I am therefore of opinion that the writ should not be quashed.
[1] Tidd's Pr. 333; Murfree v. Leeper, ante, p. 1.
[2] Tidd's Pr. 330. *Page 64